

**Geri S. Krauss**, Esq.

ONE NORTH BROADWAY | WHITE PLAINS NY 10601 | TEL 914 949 9100 | FAX 914 949 9109 | EMAIL GSK@KRAUSSNY.COM

January 3, 2012

**VIA ECF**

Honorable Judge Nicholas Garaufis
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Judge Dora Irizarry
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Skee Ball, Inc. v. Full Circle United, LLC*
United States District Court, Eastern District of New York
Case No.: 11-CV-6277 (NGG) (JO)

*Full Circle United, LLC v. Skee Ball, Inc.*
United States District Court, Eastern District of New York
Case No.: 1:11-CV-5476 (DLI) (LB)

Dear Your Honors:

This office represents Skeeball, Inc. as local counsel. Richard J. Idell of Idell & Seitel, LLP, trial counsel, is applying for admission *pro hac vice*.

Skee Ball, Inc. submits this letter, pursuant to EDNY Local Civil Rules 1.6 and 50.3.1, requesting a judicial determination that the two above-referenced cases are "related."

Honorable Judge Nicholas Garaufis
Honorable Judge Dora Irizarry
U.S. District Court
Eastern District of New York
January 3, 2012
Page 2 of 4

### A. *Skee Ball, Inc. v. Full Circle United, LLC*
United States District Court, Eastern District of New York
Case No.: 11-CV-6277 (NGG) (JO)

On October 5, 2011, Skee Ball, Inc. filed an action in the Northern District of California entitled *Skee Ball, Inc. v. Full Circle United, LLC*, Case No. CV11-4930 EDL (the "California Action"). The California Action alleges causes of action for: (1) Cancellation of Trademark [15 U.S.C. §§ 1064(3) and 1119]; (2) Trademark Infringement [15 U.S.C. § 1114]; (3) Trademark Dilution and Tarnishment [15 U.S.C. § 1125 (c)]; (4) False Designation of Origin [15 U.S.C. § 1125 (a)]; and (5) Unfair Competition.

Defendant in the California Action, Full Circle United, LLC, filed a Motion to Transfer the California Action to the Eastern District of New York. On December 22, 2011, the California Court granted that motion and ordered the California Action transferred to the Eastern District of New York.

This action has transferred to the Eastern District of New York, and has been assigned to the Honorable Judge Nicholas Garaufis and Magistrate Judge James Orenstein., and assigned Case No. 11-CV-6277 (NGG) (JO).

### B. *Full Circle United, LLC v. Skee Ball, Inc.*
United States District Court, Eastern District of New York
Case No.: 1:11-CV-5476 (DLI) (LB)

On November 8, 2011, Full Circle United, LLC filed an action in the Eastern District of New York alleging causes of action for: (1) Cancellation of Skee Ball, Inc.'s trademark; (2) Declaratory Judgment [28 U.S.C. §§ 2201-2202]; (3) Injunctive Relief; (4) Breach of Contract; (5) Breach of Covenant of Good Faith and Fair Dealing; (4) Unfair Competition; and (5) Sherman Act Violation [15 U.S.C. §§ 2 and 15].

This action has been assigned to the Honorable Judge Dora Irizarry and Magistrate Judge Lois Bloom and assigned Case No. 1:11-CV-5476 (DLI) (LB).

KRAUSS PLLC

Honorable Judge Nicholas Garaufis
Honorable Judge Dora Irizarry
U.S. District Court
Eastern District of New York
January 3, 2012
Page 3 of 4

### C. Relatedness of the Cases

#### 1. Similarity of Parties and Witnesses

The two cases contain the same exact parties: Skee Ball, Inc. and Full Circle United, LLC.

Moreover, the two cases will involve a majority of the same witnesses. The same individuals will be deposed in both of the cases, and if the cases proceed to trial, the same witnesses will be called in both trials.

#### 2. Similarity of Facts and Legal Issues

The two actions contain a similarity of facts and legal issues. The crux of both of the cases is the parties' respective rights with regard to two federally registered trademarks and the parties' respective uses thereof.

The only cause of action that does not arise out of the parties' trademark dispute is the breach of contract count alleged in Full Circle United's Complaint in Case No. 1:11-CV-5476 (DLI) (LB). However, even this cause of action involves the relationship of the parties and their respective trademark rights. All discovery and witnesses with regard to this cause of action will involve the same witnesses as deposed or called for the other causes of action.

#### 3. A Substantial Saving of Judicial and Party Resources is Likely to Result from Assigning Both Cases to the Same Judge and Magistrate Judge

Because the two above-listed actions have identical parties and contain a similarity of facts and legal issues, there would be a substantial saving of judicial resources, as well as party resources, if both cases were assigned to the same judge and magistrate judge.

The parties therefore request a judicial determination, pursuant to EDNY Local Civil Rule 50.3.1(d), that Case No. 11-CV-6277 (NGG) (JO) and Case No. 1:11-CV-5476 (DLI) (LB) are "related" and that both cases be assigned to the same judge and magistrate judge.

Case 1:11-cv-06277-NGG-JO   Document 25   Filed 01/03/12   Page 4 of 4 PageID #: 341

KRAUSS PLLC

Honorable Judge Nicholas Garaufis
Honorable Judge Dora Irizarry
U.S. District Court
Eastern District of New York
January 3, 2012
Page 4 of 4

D.  Meet and Confer Pursuant to EDNY Civil Local Rule 50.3.1(d)

The parties have met and conferred in good faith to reach an agreement on whether the two above-referenced cases are related. The parties have agreed that the cases are related and should be assigned to the same judge and magistrate judge.

Very truly yours,
KRAUSS PLLC

Geri S. Krauss

RJI:cmh

cc: via email:
    Robert Michael Harkins, Jr.
    Jennifer Ming
    Gregory J. Lahr
    Richard Idell
    Jann Moorhead
    Elizabeth J. Rest
    Ory Sandel
    Client